UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

INTERNATIONAL ASSOCIATION OF
MACHINISTS AND AEROSPACE WORKERS,
DISTRICT LODGE NO. 10,

        Plaintiffs,

v.                                       Case No. 11-C-760

CROWN CORK AND SEAL CO.,

        Defendant.

## ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiffs International Association of Machinists and Aerospace Workers, District Lodge No. 10 (District 10) filed a complaint and petition to compel arbitration against Defendant Crown Cork & Seal, Inc. (Crown) pursuant to 9 U.S.C. §1, et. seq., §301 of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. §185, and 28 U.S.C. §1337. District 10 alleges that Crown has refused to arbitrate two separate grievances: the Leavens grievance, concerning a disciplinary matter, and the Koechell grievance, concerning overtime pay. Before the Court is District 10's partial motion for judgment on the pleadings. District 10 contends that it is entitled to an order compelling Crown to arbitrate the Leavens grievance based on the pleadings of the parties alone. For the reasons given below, Plaintiffs' motion will be denied.

### BACKGROUND

According to the amended complaint, Crown and District 10 are parties to a collective bargaining agreement effective between November 2, 2009 and October 6, 2013. (ECF 8, ¶ 5.) The

agreement provides that no employees may be discharged without cause. (ECF 8-1 at 11.) It further provides that the appropriateness of discharge or suspension for an employee who participated in a strike is not subject to the dispute resolution procedure. (*Id.*, at 18.) According to District 10, the agreement "thus implies that with the exception of the question of an appropriate penalty for an employee who is determined to have participated in a strike, all other employee suspensions are subject to the dispute resolution procedure." (ECF No. 23 at 2.)

The dispute resolution procedure outlines a several step process. First, at Step One, an employee is to meet with his supervisor to address his grievance. The supervisor is to provide the employee with an answer within two working days. (ECF No. 8-1 at 16.) Next, during Step Two, if a satisfactory settlement is not reached, and the employee still wishes to pursue the matter, the grievance shall be reduced to writing and presented to the Plant Manager or his designee within three working days. A meeting will be held within seven calendar days after the submission of the written grievance. According to the outlined procedure, "in presenting its case [the Union] shall provide the Company a detailed statement of the facts." (*Id.*) If a satisfactory settlement is still not reached, the Plant Manager or designee will submit a written answer to the Union representative withing seven calendar days.

At Step Three, within fourteen days after receipt of the Company's written answer, the Servicing Business Representative shall request a meeting in writing with the Company's Area Manager of Industrial Relations. (*Id.*) In requesting the meeting, the representative "shall set forth what specifically in the Company's answer he believes to be in error in the Company's understanding of the facts and/or interpretation of the explicit language of the Agreement between the parties." (*Id.*) If a satisfactory settlement is still not reached, the Company's Area Manager of

Industrial Relations shall submit a written answer to the Servicing Business Representative within ten calendar days. (*Id.*)

Finally, at Step Four, within fourteen calendar days after receipt of the Area Manager's written answer, the Servicing Business Representative is to request from Federal Mediation and Conciliation Service a Regional list of seven Nationally Accredited Arbitrators, from which Crown and the Union shall select an impartial arbitrator. The arbitration fee is to be shared equally and the arbitration decision shall be final and binding on the parties. (*Id.* at 16–17.)

On November 16th through November 18th, 2010, Crown suspended employee Scott Leavens for an alleged violation of its no-fault attendance program. Leavens filed a claim for unemployment compensation (UC) benefits with the Unemployment Insurance Division of the Wisconsin Department of Workforce Development based on his belief that, because his absences were for legitimate illnesses, the suspension was not for misconduct and he was therefore eligible for unemployment benefits for the three-day suspension. (ECF No. 8, ¶ 11.)

On December 8, 2010, Crown issued a written disciplinary warning to Leavens for falsification of records based on his UC claim. The warning noted that Leavens had confirmed in a meeting with Crown personnel that he filed for UC benefits for the week of November 15th, claiming he was laid off due to lack of work. Crown viewed the claim as false because Leavens worked the 15th and 19th of that week and was serving a disciplinary suspension on November 16th through 18th. Leavens was warned that any future violations could be addressed with further discipline up to and including termination. (ECF No. 19-1.)

Leavens and District 10 filed a grievance over the disciplinary warning on December 16, 2010. (ECF No. 8, ¶ 12.) The grievance was duly processed through the first two steps of the

3

grievance procedure by February 3, 2011, at which time District 10 Business Representative Donald Griffin sent a letter to Crown Area Manager of Industrial Relations Richard Backlund to initiate Step Three. The letter requested a Step Three meeting concerning the Leavens' grievance (Grievance no. 21-039-2010, *see* ECF No. 8, Ex. 4) and pointed out the portions of Crown's facts and contract language (as outlined in its Step Two grievance answer) with which District 10 disagreed. (ECF No. 8, ¶ 13, 14, Ex. 3.) Backlund replied to Griffin's letter on February 12, 2011 by asking for a more specific statement of District 10's disagreements with Crown. (ECF No. 8 ¶ 15, Ex. 4.) The letter concluded Crown wanted the information "to investigate the Union's claims prior to us meeting to discuss the merits of the grievance." (ECF No. 8.)

District 10 did not respond to Backlund's February 12 letter. On February 16, 2011, the state unemployment board sent notice denying Leavens' unemployment benefits claim. The notice set a hearing date for March 1, 2011, to explore Leavens' position. Neither Leavens nor District 10 appeared at the hearing. There was no further conversation or correspondence concerning the Leavens grievance until District 10 filed suit in this Court on August 11, 2011, seeking to compel arbitration. (ECF No. 1.)

**DISCUSSION**

Rule 12(c) permits a party to move for judgment after the parties have filed the complaint and answer. *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998); *see* Fed. R. Civ. P. 12(c). Motions for judgment on the pleadings under Rule 12(c) are reviewed under the same standard that applies when reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827

4

(7th Cir. 2009) (citing *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007)). A court should grant the motion "[o]nly when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved." *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007). The Court takes all of the factual allegations in the complaint as true, and draws all reasonable inferences in favor of the plaintiff. *Pisciotta*, 499 F.3d at 633. The pleadings referenced in Rule 12(c) include the complaint, the answer, and any written instruments attached as exhibits. *N. Ind. Gun*, 163 F.3d at 452–53. The Seventh Circuit has interpreted "written instruments" to include documents such as affidavits, letters, contracts, and loan documentation. *Id.* at 453.

District 10 contends Crown's failure to respond to the request for a Step Three meeting was an unlawful refusal to arbitrate. Courts have compelled arbitration when an employer's response to a union's request for arbitration was silence. *See, e.g.*, *Local Jt. Executive Bd. v. Exber Inc.*, 994 F.2d 64 (9th Cir. 1993) (company not entitled to dismissal of a complaint to compel arbitration when its only response to union's request was silence); *Deaton Truck Line v. Teamsters Local 612*, 314 F.2d 418, 421 (5th Cir. 1962) (noting that the district court properly compelled arbitration, despite employer's claim of never refusing arbitration, when the union had requested arbitration for months and received no response); *see also UAW Local 1748 v. Midwest Filter Resources*, 884 F. Supp. 196, 198–199 (W.D. VA. 1995).

The problem with District 10's argument, however, is that Crown was not "silent" in response to the union's request to proceed to Step Three. In fact, the company responded rather quickly with the letter requesting clarification and offering a "meeting to discuss the merits of the grievance." (ECF No. 30 at 8.) Had District 10 replied to Backlund's letter, either by providing the

5

information requested or refusing to do so, Crown's failure to schedule a Step Three meeting might be deemed a refusal to proceed. But District 10 did neither; it neither provided Crown the clarification it requested, nor indicated it would not do so. Since neither Leavens nor District 10 appeared at the UC hearing, Crown may have assumed the grievance was abandoned. In any event, without some sort of reply to its request from District 10, it had no duty to convene a Step Three meeting.

Of course, if District 10 actually viewed Backlund's letter as a refusal to proceed with the grievance, it could have requested arbitration at that point. It did not do this either. Instead, the Union simply filed suit seeking a court order to compel Crown to arbitrate the grievance, along with costs and attorneys fees incurred by it in obtaining such an order. (ECF No. 8, ¶ 35.) District 10 is not entitled to such relief on this record. The Court cannot compel arbitration that District 10 never requested and that Crown has never refused. Accordingly, District 10's motion for judgment on the pleadings (ECF No. 22) is **DENIED.**

Dated this ___24th___ day of January, 2012.

                                                  s/ William C. Griesbach
                                                  William C. Griesbach
                                                  United States District Judge