UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, DISTRICT LODGE NO. 10,

Plaintiffs,

v. Case No. 11-C-0760

CROWN CORK AND SEAL CO.,

Defendant.

**ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL ARBITRATION**

Plaintiffs International Association of Machinists and Aerospace Workers, District Lodge No. 10 (District 10 or the Union) filed a complaint and petition to compel arbitration on August 11, 2011 against Defendant Crown Cork & Seal, Inc. (Crown or the Company) pursuant to 9 U.S.C. § 1, *et. seq.*, § 301 of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 185, and 28 U.S.C. § 1337. Plaintiffs filed an Amended Complaint on September 8, 2011. (ECF No. 8) The Union alleges that Crown has refused to arbitrate two separate grievances: the Leavens grievance, concerning a disciplinary matter, and the Koechell grievance, concerning overtime pay. This Court has already addressed the Leavens grievance in an Order Denying Motion for Judgment on the Pleadings. (ECF No. 33.) The case is before me now on the petition to compel arbitration of the Koechell grievance. (ECF No. 1.) For the reasons discussed herein, the Union's motion to compel arbitration on the Koechell grievance will be granted.

## BACKGROUND

Crown and the Union are parties to a collective bargaining agreement effective between November 2, 2009 and October 6, 2013. (Am. Compl., ECF 8, ¶ 5.) Under the negotiated dispute resolution procedure, a formal grievance is defined as:

> A written statement by the union on behalf of itself or an employee(s) . . . claiming a violation by the Company (i.e. Crown) of one or more explicit terms of the Written Agreement.

(*Id.*, Ex. 1 at 14.) The agreement sets out a formal dispute resolution process for resolving grievances which culminates in binding arbitration.

The Koechell grievance was originally filed on February 25, 2010. (ECF No. 19 Ex. 2.) The grievance alleged Crown violated the collective bargaining agreement by failing to pay Koechell at the overtime rate for hours worked on a Saturday. The agreement states in pertinent part that employees will be paid at a rate of one and one-half (1 ½) times their regular hourly rate for all hours worked "in excess of forty (40) straight-time hours in a payroll week; in excess of eight (8) hours in a workday; or on the sixth day in a payroll week." (Am. Compl. Ex. 1 at 7.) Koechell was absent on Monday of the week in question, and the Company took the position that he was not entitled to overtime pay on Saturday since he had not worked six days in the payroll week. The Union, on the other hand, took the position that because Saturday was the sixth day in the payroll week, Koechell was entitled to overtime pay regardless of how many days he had worked earlier in the week. When the parties failed to resolve the dispute over the grievance through the initial steps in the process, the Union requested arbitration.

Under the dispute resolution procedure, the parties select an arbitrator by alternating strikes from a panel of arbitrators provided by the Federal Mediation and Conciliation Service (FMCS).

District 10 timely requested the first panel of arbitrators for the Koechell grievance. The parties first selected Herb Berman as the arbitrator. The selection was withdrawn, however, when Arbitrator Berman refused to hold the arbitration hearing unless District 10 and Crown paid for a reporter to transcribe the hearing. (Elizondo Decl. ¶ 6.)

FMCS furnished the parties with a new panel of arbitrators by letter dated November 5, 2010. No further action was taken until on January 26, 2011, District 10 business representative Benito Elizondo, who was the primary business representative responsible for the Crown bargaining unit, contacted James Deaver (Crown's Director of Industrial Relations) and requested a copy of the second arbitration panel for the Koechell grievance, stating he had never received a copy of the FMCS letter. Deaver furnished Elizondo a copy of the arbitration panel on the same day. (*Id.* ¶ 7 Ex. 1.)

Although the agreement provided that the Union was to start the selection process by striking two names from the list of arbitrators furnished by FMCS, the Union took no action until May 6, 2011, when Elizondo sent an email to Deaver notifying him of the Union's strikes. (*Id.* ¶ 9.) In response, Deaver replied via email that he had presumed District 10 had abandoned the grievance because District 10 did not earlier contact Crown to initiate the arbitrator striking procedure. When Elizondo replied to Deaver that District 10 considered the Koechell grievance to be active, Deaver sent an email listing Crown's strikes, but also noted that Crown was not waiving its right to argue District 10's delay in processing the grievance constituted abandonment of the grievance. The strikes continued, resulting in the selection of Mario F. Bognanno as the arbitrator.

On May 26, 2011, Deaver contacted Elizondo, stating Crown was unwilling to submit the substantive merits of the Koechell grievance to arbitration until the arbitrator decided Crown's

procedural defense of abandonment or waiver. (*Id.* ¶ 11, Ex. 3.) On June 13, 2011, District 10 Attorney Matthew Robbins contacted Deaver and suggested the parties submit to the arbitrator the issue of whether the Koechell grievance should consist of one hearing (dealing with both the procedural arbitrability and the merits) or whether it should be bifurcated. On June 21, 2011, Crown responded by again refusing to submit the merits of the Koechell grievance to any arbitrator until such time as Arbitrator Bognanno ruled that the Koechell grievance was procedurally arbitrable. (*Id.* ¶ 12, Ex. 4.)

On July 25, 2011, Attorney Robbins again proposed to both Arbitrator Bognanno and Deaver that the parties submit a position statement to the arbitrator concerning whether evidence on the issue of procedural arbitrability and the merits of the Koechell grievance should be taken at the same hearing or should be bifurcated to two hearings. Arbitrator Bognanno replied on the same date that District 10's proposed procedure for determining the appropriate procedure to hear the Koechell grievance was acceptable to him. (*Id.* ¶ 13, Ex. 5–6.)

On July 26, 2011, Crown representative emailed Arbitrator Bognanno, again stating that Crown was only agreeing to submit to Arbitrator Bognanno the issue of procedural arbitrability and that Crown was refusing to submit the merits of the Koechell grievance to any arbitrator unless Arbitrator Bognanno ruled that the Koechell grievance was procedurally arbitrable. Additionally, Deaver stated a second arbitrator was necessary to hear the merits of the grievance unless Crown consented to a second selection of Arbitrator Bognanno as the arbitrator to hear the merits of the dispute. Crown thereby insisted on its preferred procedure of holding bifurcated hearings on the issues of procedural arbitrability and the merits of the Koechell grievance and refused to permit

Arbitrator Bognanno to determine the appropriate procedure to hear the Koechell grievance. (*Id.* ¶ 14, Ex. 7.)

On July 28, 2011, Arbitrator Bognanno notified the parties he only had authority to schedule a hearing on the issue of procedural arbitrability, as Crown was refusing to submit to him the merits of the Koechell grievance. (*Id.* ¶ 15, Ex. 8.) District 10 thereafter filed this suit on August 11, 2011.

**ANALYSIS**

The Supreme Court made clear in the *Steelworkers Trilogy* that arbitration is the preferred method of resolving labor disputes. *See Steelworkers v. American Mfg. Co.*, 363 U.S. 564 (1960); *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574 (1960); *Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593 (1960). In furtherance of this policy, a duty to arbitrate is imposed whenever a collective bargaining agreement "can be reasonably interpreted to impose such a duty." *Graphic Communications Union v. Chicago Tribune Company*, 794 F.2d 1222, 1225 (7th Cir. 1986). In other words, there is a presumption in favor of arbitrability such that "[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Warrior & Gulf Navigation Co.*, 363 U.S. at 582–83.

Crown's main objection to the procedural arbitrability of the grievance is on the basis that District 10 waited too long prior to contacting Crown to strike arbitrators. (*See, e.g.*, Elizondo Decl. Ex. 2.) According to Crown, the Koechell grievance sat dormant due to District 10's neglect. Crown thus contends District 10 never requested or demanded arbitration of the grievance. (ECF

No. 19 at 2.) In other words, Crown objects to District 10's alleged failure to comply, in a timely fashion, with the established arbitration procedures. (*Id.* at 22.)

But Seventh Circuit law is clear that when the subject matter of a particular dispute is covered by a collective bargaining agreement, questions concerning whether grievance procedures have been followed in processing the dispute are reserved for the arbitrator. *Corman Derailment Serv. v. Operating Engineers Local 150*, 335 F.3d 643, 650–51 (7th Cir. 2003); *Teamsters Local 744 v. Metro. Dist. Inc.*, 763 F.2d 300, 303 (7th Cir. 1985). Here, there is no real dispute that the subject matter of the Koechell grievance is subject to arbitration. The Koechell grievance is based upon District 10's allegation that Crown violated the collective bargaining agreement by paying Koechell at his straight time hourly rate rather than the time and a half of his straight time hourly rate for all hours he worked during the sixth day that week. The grievance alleged that this failure to pay Koechell at the proper rate was a violation of the overtime pay language of the labor agreement (an explicit term of the written collective bargaining agreement). (Am. Compl. Ex. 1 at 7, ECF No. 8.) As discussed above, when parties have agreed to submit the subject matter of a dispute to arbitration, all arguments concerning procedural arbitrability should be made to the arbitrator. *John Wiley & Sons v. Livingston*, 376 U.S. 543, 558 (1964). Since the Koechell grievance was a formal grievance within the meaning of the dispute resolution procedure, and it is substantively arbitrable, any possible challenges Crown can raise to the procedural arbitrability of the grievance are exclusively reserved for the arbitrator's resolution. While Crown tries to argue otherwise, timeliness is a "procedural" issue of compliance. Thus, while Crown takes considerable time to document how District 10 allegedly failed to comply with the procedural requirements of their outlined arbitration procedures (*see* ECF No. 19 at 4–7), that question is not one for this Court. Instead these issues should be addressed by the arbitrator in charge of the underlying grievance.

Furthermore, just like questions of procedural arbitrability, questions of arbitration procedure should be left to the arbitrator to resolve. *Employer Ins. Co v. Century Indem. Co.*, 443 F.3d 573, 578–79 (7th Cir. 2006) (court compelled arbitration and left it to the parties to argue to the arbitrator the issues of whether the arbitrations should be consolidated or heard by separate arbitration panels); *see also Docksor v. Schwartzberg*, 433 F.3d 421 (4th Cir. 2006) (district court should not intervene in matters of arbitration procedure, such as the number of arbitrators who should hear the dispute); *Bell Atlantic v. Communication Workers Local 13000*, 164 F.3d 197 (3rd Cir. 1999) (dispute over whether expedited or regular arbitration procedures were applicable should be resolved by the arbitrator). Similarly, here, as District 10 and Crown have already agreed in writing that the subject matter of the Koechell grievance is subject to arbitration, the question of the appropriate procedure (bifurcated or otherwise) for hearing the Koechell grievance is an issue reserved to the arbitrator. No language in either the dispute resolution procedure or elsewhere in the collective bargaining agreement requires the holding of separate hearings to resolve a grievance's procedural arbitrability issues and its substantive merits, requires separate arbitrators to resolve issues of procedural arbitrability and the merits, or permits Crown to refuse to submit the merits of a substantively arbitrable grievance to the arbitrator based upon its allegation that the grievance is not procedurally arbitrable. This again is not a question for this Court but the arbitrator.

Finally, an employer's unjustified refusal to arbitrate a grievance frustrates the purpose of arbitration. It delays the resolution of the arbitrable dispute and increases the parties' costs for resolving the dispute by requiring them to pay costs for both litigation and arbitration. Courts have therefore not hesitated to award attorneys' fees in cases involving a failure to comply with arbitration awards or refusals to arbitrate. *See, e.g.*, *Dreis & Krump v. Machinists District No. 8*,

802 F.2d 247, 255 (7th Cir. 1986) (awarding attorneys' fees against the company because it challenged an arbitration award without basis). Bad faith is not required before attorneys' fees may be awarded; rather, fees are awarded when the party refusing to honor the arbitration agreement should have realized its position was baseless. *Id.* at 254–55; *Washington Hosp. Center v. SEIU Local 1503*, 746 F.2d 1503,1510–11 (D.C. Cir. 1984). *See also Laborers Local 504 v. Roadmaster Corp.*, 916 F.2d 1161, 1163 (7th Cir. 1990) (employer liable for union's attorneys' fees when its refusal to arbitrate, which only had a slight chance of success, made a lawsuit to compel arbitration necessary).

Here, Crown does not have a rational legal basis for its refusal to submit the Koechell grievance to Arbitrator Bognanno. To the contrary, the case law is clear that questions of procedural arbitrability should be directed to the arbitrator when the underlying merits of the grievance are arbitrable, as they were here. Consequently, Crown is liable for District 10's reasonable attorneys' fees in bringing this motion to compel.

## CONCLUSION

The Koechell grievance is clearly substantively arbitrable. Crown's allegations — that District 10 failed to comply properly with the outlined grievance procedure — is an issue to be determined by the arbitrator, as the underlying grievance is substantively arbitrable. District 10's petition to compel arbitration is accordingly **GRANTED**. I further conclude Crown's refusal to arbitrate is without legal basis; Crown is accordingly liable for District 10's reasonable attorneys' fees in bringing and prosecuting the petition to compel arbitration. The Clerk shall set this matter

on the Court's calendar for a telephone status conference within the next week at which time the parties shall be prepared to discuss whether further action is needed before entry of judgment.

**SO ORDERED** 27th day of March, 2012.

s/ William C. Griesbach
William C. Griesbach
United States District Judge